1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STRONG TRADING, INC., | ) **Case No. Case No. CV11-08491 R(VBKx)** |
| Plaintiff, | ) |
| | ) **PROTECTIVE ORDER** |
| v. | ) |
| REEVES PARK, INC.; MAGNUM METALS, LLC; and KLAUS JUNG | ) |
| Defendants. | ) |

WHEREAS, Plaintiff STRONG TRADING, INC. and Defendants REEVES PARK, INC., MAGNUM METALS, LLC. and KLAUS JUNG have entered into a Stipulation for Protective Order and, with good cause showing, this Court hereby issues the following Orders:

1.      All documents, testimony or other information obtained through or in connection with the above-entitled action (hereafter referred to as the "Action") that are expressly designated by a Party to this Action as "CONFIDENTIAL" or "CONFIDENTIAL —ATTORNEYS' EYES ONLY" shall be subject to the provisions of this Protective Order.

2.      As used herein, the terms "counsel" or "counsel of record" shall mean the attorneys of record in this proceeding, their partners and associates, paralegals, assistants, stenographic, clerical or other staff working under the supervision of the

1

attorneys of record whose duties and responsibilities require access to the materials, all of whom shall be bound by the provisions of this Protective Order.

3.      As used herein, the term "person" shall mean, in the plural as well as in the singular, any individual, corporation, firm, association, partnership, business trust, governmental body or any other legal or business entity, unless specified herein to the contrary.

4.      As used herein, the term "Party" or "Parties" shall mean any named party, and shall include its present directors, officers, agents or employees, and shall include any class or representative member, if any.

5.      In connection with discovery proceedings in this Action, any Party to this Action
(hereafter referred to as the "Designating Party") shall have the right to designate any document, thing, material, testimony, or other information derived therefrom, as "CONFIDENTIAL" or "CONFIDENTIAL— ATTORNEYS' EYES ONLY" under the terms of this Protective Order.  Material marked as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" (hereafter referred to collectively as "Confidential Material") is information that the Designating Party reasonably believes constitutes, contains, or discloses private information not generally known to the public. Such information includes, but is not limited to, those documents, materials, items and/or information that a Party in good faith believes to be confidential, private, or proprietary business or financial information, trade secret information, other sensitive and/or competitive information, and/or information subject to a legally protected right of privacy or confidentiality, and subject to protection from disclosure under applicable law.

6.      Any Party who objects to the designation of material as Confidential Material (hereafter referred to as "Objecting Party") shall notify the Designating Party in writing of that objection within sixty (60) days after the designation of material as Confidential Material, and specify the designated material to which the objection is

made. The Parties shall, within fifteen (15) days of service of the written objection, meet and confer, as required under applicable law, concerning the objection.

7.      If the objection is not resolved at the Parties' required meet and confer meeting, the Objecting Party shall proceed in good faith to challenge the designation in a timely manner.  All documents designated Confidential Material pursuant to this Protective Order shall remain conditionally confidential until any such motion by the Objecting Party is heard and this Court determines whether the designated material is, in fact, subject to the protection of this Protective Order. The Designating Party shall have the burden of establishing the confidential nature of the designated material, and that it is entitled to protection under applicable law. If no motion challenging the designation of material as Confidential Material is filed within 45 days after the Parties "meet and confer" as provided above, the material will be deemed conclusively subject to the protection of this Protective Order for purposes of discovery.

8.      Materials marked as "CONFIDENTIAL" may be disclosed and accessible only as follows:

a.      To this Court and its officers in this litigation pursuant to paragraph 14 or 16 ;

b.      To all named Parties in this Action, including but not limited to, any officer, director or employee of a Party to the extent deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this Action;

c.      To experts and/or consultants (together with clerical staff) retained by counsel of record on behalf of the Parties, provided that any such person to whom disclosure is made agrees to be bound by this Protective Order pursuant to Paragraph 12;

d.      To counsel of record and the respective personnel of the law firms as set forth in paragraph 2;

e.      To any court reporter(s) transcribing the testimony or argument at a

hearing, trial or deposition in this Action;

f.  To non-party witnesses at any depositions or other pre-trial proceedings in this Action, and/or persons to be interviewed in the investigation of the case, to the extent deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this Action; and

g.  To any other person(s) as to whom the Parties agree pursuant to paragraph 10.

9.  Materials marked as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" applies to Confidential Material that counsel for the Designating Party believes in good faith requires additional restriction from disclosure, including restriction from disclosure to the Parties, and may be disclosed and accessible only as follows:

a.  To this Court and its officers in this litigation pursuant to paragraph 14 or 16;

b.  To counsel of record and the respective personnel of the law firms as set forth in paragraph 2;

c.  To experts and/or consultants retained by counsel of record on behalf of the Parties, provided that any such person to whom disclosure is made agrees to be bound by this Protective Order pursuant to Paragraph 12;

d.  Upon agreement of the Designating Party or with leave of Court, to any person whose testimony is taken by deposition or through interrogation at a hearing, provided that such person may only be shown copies of material marked as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" during his or her testimony, and may not retain any such material;

e.  To any court reporter(s) transcribing the testimony or argument at a hearing, trial or deposition in this Action; and

f.  To any other person(s) as to whom the Parties agree pursuant to paragraph 10.

10.  If counsel of record for any Party should conclude that, for the purpose of this

4

Action, such Party needs to disclose any Confidential Material, or information derived therefrom, to any persons other than those described in paragraphs 8 and 9 of this Protective Order, counsel for such Party must notify counsel of record for the Designating Party in writing, and no such disclosure shall be made in the absence of a written stipulation between the Parties or unless this Court, upon motion and for good cause shown, orders otherwise. However, each Party may disclose its own Confidential Material without regard to this Protective Order unless otherwise under an existing duty to another person to do so.

11.     Confidential Material shall be treated as confidential by all persons to whom such information may be disclosed and shall be used by all such persons solely for the prosecution, defense, or settlement of this Action.

12.     Any person to whom Confidential Material may be shown pursuant to this Protective Order, except those individuals identified in paragraph 8, subsections (a), (d), and (e), and paragraph 9, subsections (a), (b) and (e), shall first be shown and read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Agreement attached hereto as "Exhibit A." Notwithstanding the foregoing, any Party, and other potential fact witnesses, may review all materials marked as "CONFIDENTIAL" in the presence of counsel of record of any Party without signing the Confidentiality Agreement, but are not entitled to receive copies thereof unless they sign the Confidentiality Agreement attached hereto as Exhibit A. Counsel shall be responsible for making the recipient of any Confidential Materials aware of this Protective Order.

13.     Upon final termination of this Action, unless otherwise agreed to in writing by counsel of record for the Designating Party, each Party shall make available all Confidential Material for return, including, without limitation, all copies thereof, to the Designating Party or to such other Party that produced the Confidential Material in this Action upon the written request of the Party seeking return of the material. The Party to whom such Confidential Material is returned shall acknowledge receipt of

such material in writing.

14.     Prior to the filing of any papers with this Court that include material designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" by another Party, counsel of record for the Parties shall consult in good faith to determine whether the Designating Party desires the filing to be under seal. If the Designating Party desires it to be filed under seal, the Party seeking to file such material with this Court shall lodge it conditionally under seal, and the Designating Party will then have ten (10) days to bring a motion and secure an order from this Court filing the documents under seal in accordance with the applicable section of FRCP 26.

15.     This Protective Order does not constitute a waiver of any Party's rights to object to discovery on any grounds. This Protective Order does not constitute an admission by any Party that any information that it or any opponent designates as Confidential Material is in fact proprietary information and/or a trade secret, and/or information in which a Party or third parties have a privacy right under any existing law. All Parties to this agreement reserve all trade secret, proprietary information, and/or privacy objections with respect to materials they believe may be encompassed in a discovery request.

16.     Notwithstanding the provisions of paragraph 15, where a Party believes that a third party or parties have a privacy interest in Confidential Material, that Party may, in place of or in addition to producing such Confidential Material pursuant to the terms of this Protective Order, meet and confer with other counsel to attempt to limit the information produced or the use of the information so as to balance the privacy interests of the third parties with the interest of the Party seeking the material. In the event the Parties are unable to agree on the terms for the production and use of the Confidential Material, the matter may be submitted to this Court, either by way of motion for protective order or to compel responses to discovery, so that this Court can make an appropriate Order balancing the privacy rights of the third parties with the needs of the Parties for the information in prosecuting or defending the lawsuit.

17.     This Protective Order is not intended to govern the use of Confidential Material at any hearing in this Action. Questions of the protection of such material during any hearing will be presented to this Court prior to the hearing.

18.     If any court or administrative agency subpoenas or orders production of Confidential Material that a Party has obtained under the terms of this Protective Order, such Party shall promptly notify the Designating Party of the pendency of the subpoena or order and shall not produce the Confidential Material until the Designating Party has had reasonable time to object, or to otherwise take appropriate steps to protect the material. Nothing herein is intended to require a Party to refuse compliance with a properly served subpoena or court order.

19.     The inadvertent production of any confidential, private, or proprietary information, document, or material without designation as Confidential Material shall not constitute a waiver of rights of a Party subsequent to designating such materials as Confidential Material or otherwise to assert confidentiality with respect to any document, material, or information. If a Party produces multiple copies of information, documents, or materials and one copy has not been designated as Confidential Material, all copies shall be treated as Confidential Material. Neither the provisions of the Stipulation and this Protective Order, nor any designation or failure to designate any particular information, document or material as Confidential Information shall constitute a waiver of the right to assert confidentiality in any other litigation or other context.

20.     The inadvertent production of any privileged and/or work product information, document, or materials shall not constitute a waiver of the privilege or work product protection. Independent of the obligation of the recipient to return inadvertently produced privileged material, if the Party who inadvertently produced such documents demands return of the document on the grounds that it is privileged and/or work product, the Party to whom the document, materials, or information has been produced shall return the document, materials or information promptly and not retain

any copies, summaries or other abstracts unless such Party objects to the characterization of the document, materials, or information as being privileged. The Party to whom the privileged or protected materials were produced may challenge the claim of privilege or work product protection. In any motion to determine the validity of the claim of inadvertent disclosure of privileged materials, the moving Party shall file any descriptions of such documents as Confidential Material as set forth herein.

21.    Any Confidential Material that the Parties may provide to one another after the execution of the Stipulation by counsel, but before the signing and entering of this Protective Order by this Court, shall have the same protection as it would if it were produced after the signing and entry of this Protective Order.

22.    This Protective Order shall not prevent any of the Parties from moving for an order from this Court that Confidential Material may be disclosed other than in accordance with this Protective Order. This Protective Order is without prejudice to the right of any Party to seek modification of it from this Court. It shall remain in effect until such time as it is modified, amended, or rescinded by this Court. This Court shall have continuing jurisdiction to modify, amend, or rescind this Protective Order notwithstanding the termination of this Action.

23.    Should the Parties determine that this Protective Order is no longer needed, or has become overbroad, the Parties shall first meet and confer in an attempt to resolve the issue. If the meet and confer is unsuccessful, either Party may petition this Court to have this Protective Order lifted.

DATED: April 5, 2012

_____
HON. MANUEL L. REAL
U. S. DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**EXHIBIT A**

9

## **CONFIDENTIALITY AGREEMENT**

The undersigned has read the foregoing Stipulated Protective Order (the "Protective Order") signed by the Parties thereto and entered by this Court in Strong Trading, Inc. V. Reeves Park, et. al. Case No. CV11-08491-R (VBJx), in the United States District Court for the Central District of California.

The undersigned understands its contents, and hereby undertakes and agrees to abide by its terms including, without limitation, those terms regarding the use of any document designated "Confidential Material" (as defined in the Protective Order), and any information contained therein.

The undersigned further understands that any failure to abide by the terms of the Protective Order may subject him/her to sanctions by the Court including, without limitation, contempt of Court.

If the undersigned is signing as an authorized representative of a company/organization, then he/she agrees that this Protective Order will apply to the company/organization and its employees, representatives, and agents, and that the company/organization shall take responsibility for any violations of the Protective Order by any of its employees, representatives, and agents who receive such documents.

The undersigned agrees to submit himself/herself and, if applicable, the company/organization stated below, to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms and

conditions of this Protective Order.

_____       _____
            Date                                                                    Name (Print or Type)

                                                                                 _____
                                                                                             Signature

                                                                                 _____
                                                                                 Company/Organization (if applicable)
                                                                                        Authorized Signatory

11